William B. DeClercq, SBN 240538
**TAYLOR ENGLISH DUMA LLP**
1055 West Seventh Street, Suite 3300
Los Angeles, CA 90017
Tel: (626) 408-2150
wdeclercq@taylorenglish.com

Amanda G. Hyland (*pro hac vice* application forthcoming)
**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle, Suite 200
Atlanta, GA  30339
Telephone: (770) 434-6868
Facsimile: (770) 434-7376
ahyland@taylorenglish.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TENDER SOFTWARE PTY LTD., FORESTCOIN PTE, LTD. and FORESTCOIN, LTD. | Case No. |
| Plaintiffs, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| FORESTCOIN, INC.; and CHRISTOPHER CHARLES SANDERS, Defendants. | |

1

Plaintiffs Tender Software Pty Ltd., Forestcoin Pte, Ltd., and Forestcoin Ltd. by and through their attorneys, allege as follows:

## THE PARTIES

1. Plaintiff Tender Software Pty Ltd. ("Tender Software") is an Australian corporation with a principal address of 111/10 Albert Avenue, Broadbeach, Australia, 4218.

2. Plaintiff Forestcoin Pte. Ltd. ("Forestcoin SGP") is a Singaporean corporation with a principal address of 1 Irving Place, #08-11, Singapore, 369546.

3. Plaintiff Forestcoin Ltd. ("Forestcoin NZ") is a New Zealand corporation with a principal address of 17B Farnham Street, Suite 11411, Parnell, Auckland, New Zealand, 1052.

4. Upon information and belief, Defendant ForestCoin, Inc. ("FCI") is a California corporation with its principal place of business at 2206 Lincoln Blvd, Santa Monica, California 90405.

5. Upon information and belief, and based upon forms he provided to the California Secretary of State, Defendant Christopher Charles Sanders is an individual and an officer and director of FCI residing at 7190 West Sunset Boulevard, Apartment 1073, Los Angeles, California, 90046.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367, 15 U.S.C. § 1121, as this action involves substantial claims arising under the U.S. Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq., combined with related and supplemental claims for state trademark infringement.

7. Defendants are subject to personal jurisdiction in this district because Defendants conduct substantial, continuous, and systematic activities in this judicial district and because the causes of action contained herein arise out of or result from Defendants' contacts with this judicial district.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTS RELEVANT TO ALL CLAIMS

9. ForestCoin SGP and Forestcoin NZ have developed a form of cryptocurrency under the trademark "FORESTCOIN" which is designed to help reforest the Earth. Individuals can earn ForestCoin currency by planting trees, and providing proof of the new plantings to Tender Software.

10. Forestcoin SGP and Forestcoin NZ use the mark FORESTCOIN under a license from Tender Software, which owns the trademark and licenses it to them.

11. The use of the mark FORESTCOIN by Forestcoin SGP and Forestcoin NZ inures to the benefit of Tender Software.

12. Tender Software filed an intent-to-use trademark application in the United States Patent & Trademark Office ("USPTO") for the mark "FORESTCOIN" on December 22, 2017.

13. That application was granted and resulted in U.S. Reg. No. 5846266 ("the '266 Registration"), issued on August 27, 2019, which provides federal trademark protection for the mark "FORESTCOIN" in Class 36 in connection with "Financial services, namely, providing a digital currency, virtual currency, cryptocurrency, namely, providing an encrypted virtual currency and providing alternative currencies in the nature of providing electronic transfer of funds for use by members of an on-line community via a global computer network." A true and correct copy of the registration is attached and incorporated as Exhibit A.

14.     After the Tender Software trademark application was filed, but before the registration issued, on September 22, 2017, FCI attempted to register the trademark "FORESTCOIN" at the USPTO.

15.     On June 3, 2018, the USPTO issued an Office Action denying registration to FCI on the basis of Tender Software's prior pending application for "FORESTCOIN." A true and correct copy of the Office Action is attached as Exhibit B.

16.     On August 23, 2018, the forestcoin.com domain name contained no content and was inactive, as evidenced by the Wayback Machine, which is available at archive.org, and which captures webpages and preserves them in a database of archived webpages. The below screenshot is a true and accurate depiction of the Wayback Machine's archive of the content displayed on forestcoin.com on August 23, 2018.



17.     The Wayback Machine captured the forestcoin.com website again on November 14, 2018, and June 3, 2019. On both dates, the archived screenshot depicts an identical message as the one from August 23, 2018, and the website appeared identical as it did in the image shown above.

18. Thus, the website forestcoin.com was inactive, at a minimum, from August 23, 2018, through June 3, 2019.

19. On May 1, 2019, Defendants announced on Facebook that their "ForestCoin" cryptocurrency service was live.

20. Defendants began operating a website at forestcoin.com that went live between June 3, 2019, and October 24, 2019, purporting to offer "a Crypto Currency that is dedicated to raising funds to purchase and preserve Forests Worldwide."

21. The website remains active to this day.

22. Tender Software became aware of Defendants' social media postings in mid-2020.

23. In August 2020, counsel for Tender Software sent correspondence to Defendants alerting them to Tender Software's prior rights in the mark. A true and correct copy of the letter is attached as Exhibit C.

24. Defendants did not respond to this communication.

25. Tender Software's principal then attempted to business-to-business discussion, and called Defendant Sanders on October 8, 2020.

26. Defendant Sanders was hostile to any suggestion that his use of the mark constituted trademark infringement, and refused to take any action.

27. In a last attempt to resolve the issue, counsel for Tender Software sent a letter to FCI on December 2, 2020. A true and correct copy of the letter is attached as Exhibit D.

28. No response was received.

**FIRST CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS**
**INFRINGEMENT OF A REGISTERED TRADEMARK**
**UNDER § 32(1) OF THE LANHAM ACT (15 U.S.C. § 1114(1))**

5

29. Paragraphs 1-28, above, are realleged and incorporated by reference as if set forth in full.

30. Tender Software owns prior rights in the FORESTCOIN trademark and owns federal U.S. Registration No. 5,846,266 for FORESTCOIN.

31. By virtue of the registered status of Tender Software's FORESTCOIN trademark, Defendants had constructive notice of Tender Software's rights in the FORESTCOIN mark as of Tender Software's December 22, 2017, USPTO filing date.

32. Moreover, after receiving the Office Action from the USPTO on June 3, 2018, Defendants were on actual notice of Tender Software's trademark application and its constructive priority.

33. By using an identical trademark on identical or nearly-identical services after receiving both constructive and actual knowledge, Defendants have willfully and deliberately infringed Tender Software's FORESTCOIN trademark.

34. Defendants' use of the identical FORESTCOIN trademark in connection with identical services, namely, reforestation-oriented cryptocurrency, is likely to cause confusion, cause mistake, and/or deceive consumers and the purchasing public as to affiliation, connection, or association of Tender Software and Defendants and as to origin, sponsorship, or approval of Defendants' services by Tender Software.

35. In addition, Defendants' infringement is likely to cause, inter alia, subliminal and associational confusion, forward confusion, reverse confusion, initial interest confusion, point-of-sale confusion, and post-sale confusion.

36. Defendants' aforesaid acts have caused and will continue to cause Tender Software to suffer damages and irreparable injury, and unless such acts are restrained by this Court through a

6

permanent injunction, such acts will be continued and Tender Software will continue to suffer damages and irreparable injury.

## SECOND CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS
## FALSE DESIGNATION OF ORIGIN
## UNDER § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

37. Paragraphs 1-36, above, are realleged and incorporated by reference as if set forth in full.

38. Tender Software owns common law trademark rights in the FORESTCOIN trademark in connection with cryptocurrency services. As licensees, Forestcoin NZ and Forestcoin SGP also have standing to seek redress for unfair competition.

39. Tender Software's trademark rights in the FORESTCOIN mark predate any trademark rights by Defendants of the infringing FORESTCOIN trademark.

40. Defendants' use of the identical FORESTCOIN trademark in interstate commerce in connection with identical services, namely reforestation-oriented cryptocurrency, is likely to cause confusion, cause mistake, and/or deceive consumers and the purchasing public as to affiliation, connection, or association of Tender Software, Forestcoin NZ and Forestcoin SGP, on the one hand, and Defendants on the other hand, as to origin, sponsorship, or approval of Defendants' services by Tender Software.

41. In addition, Defendants' infringement is likely to cause, inter alia, subliminal and associational confusion, forward confusion, reverse confusion, initial interest confusion, point-of-sale confusion, and post-sale confusion.

42. Defendants' aforesaid acts have caused and will continue to cause Tender Software, Forestcoin NZ and Forestcoin SGP to suffer damages and irreparable injury, and unless such acts are restrained by this Court through permanent injunction, such acts will be continued and Tender Software, Forestcoin NZ and Forestcoin SGP will continue to suffer damages and irreparable injury.

## THIRD CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

43. Paragraphs 1-42, above, are realleged and incorporated by reference as if set forth in full.

44. Defendants' use of FORESTCOIN constitutes infringement of Tender Software' rights in its common law FORESTCOIN mark and tends to falsely describe or represent that Defendants' services are provided by, or sponsored by, or approved by, or licensed by, or affiliated with or in some other way legitimately connected to Tender Software and are of the same character, nature and quality as the services of Tender Software, thereby damaging Tender Software and its reputation.

45. The acts of Defendants complained of herein constitute acts of unfair competition against Plaintiff under the common law of the State of California, which acts have been committed knowingly and willfully and have injured Tender Software in its trade and business.

46. By reason of the aforesaid acts, Defendants has caused damage to Tender Software and to the goodwill associated with Tender Software' mark.

## FOURTH CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS
## TRADEMARK INFRINGEMENT UNDER CALIFORNIA LAW

47. Paragraphs 1-46, above, are realleged and incorporated by reference as if set forth in full.

8

48.     Defendants' use of the FORESTCOIN mark is wrongful and likely to cause confusion as to the source or origin of the parties' respective services or, alternatively, destroy the origin-identifying function of Plaintiff's distinctive marks, and will cause actual confusion among customers, prospective customers, and others in the relevant marketplace.

49.     Defendants' conduct constitutes unlawful, unfair and fraudulent business practices and unfair competition in violation of California common law due to the unlawful acts outlined above, which includes but is not limited to the Lanham Act violations as outlined above.

50.     Because Defendants violated Tender Software' interest in the FORESTCOIN mark, Defendants engaged in unlawful business practices in direct, contributory and/or vicarious violation of § 17200 of California's Business & Professions Code.

51.     By using the FORESTCOIN without consent or permission, Defendants gained an unfair business advantage by conferring upon themselves the benefits of the goodwill Tender Software fostered.

52.     Defendants' acts have been committed with knowledge that the use of Plaintiff's FORESTCOIN mark was intended to cause confusion or to deceive.

53.     As a proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its FORESTCOIN mark.

54.     The injury to Plaintiff is and continues to be ongoing and irreparable.

55.     Tender Software is therefore entitled to appropriate damages according to proof, including but not limited to restitution, and appropriate injunctive relief to protect against any ongoing and further injury caused by Defendants' unlawful and unfair business practices.

9

56. An award of monetary damages alone cannot fully compensate Tender Software for its injuries and Tender Software lacks an adequate remedy at law.

57. Tender Software is entitled to a permanent injunction against Defendants, as well as all other remedies outlined above.

### FIFTH CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS
### CYBERPIRACY

58. Paragraphs 1-57, above, are realleged and incorporated by reference as if set forth in full.

59. Defendants' actions as alleged herein violate 15 U.S.C. § 1125(d).

60. Tender Software's intent-to-use trademark application provides it with a constructive priority date of December 22, 2017.

61. Defendants then received actual notice of Tender Software's FORESTCOIN trademark first use date when the USPTO issued an Office Action to FCI on June 3, 2018.

62. The FORESTCOIN mark is inherently distinctive.

63. After Tender Software's trademark registered, and despite its knowledge of Tender Software's prior rights, Defendants began use of the forestcoin.com domain to offer nearly identical services to those covered under Tender Software's trademark.

64. The Domain forestcoin.com is confusingly similar to Tender Software's FORESTCOIN mark.

65. Defendants' use of the Domain forestcoin.com is likely to confuse or deceive consumers into believing that there is an association or affiliation between Defendants and their website on the one hand, and Tender Software on the other hand, where there is none.

66.     In using the Domain forestcoin.com, Defendants had, and continue to have, a bad faith intent to profit from Tender Software' FORESTCOIN mark and its goodwill, which belongs to Tender Software.

67.     Defendants' actions have been and continue to be knowing and willful.

68.     As a direct and proximate result of Defendants' conduct, Tender Software has suffered irreparable harm and will continue to suffer such harm unless Defendants are enjoined from such further conduct.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE Tender Software prays for judgment against Defendants and relief as follows:

(i) that pursuant to 15 U.S.C. § 1116 and its inherent equitable powers, the Court issue a permanent injunction restraining and enjoining Defendants from using the FORESTCOIN trademark, as well as any names or marks confusingly similar to Tender Software's FORESTCOIN trademark;

(ii) that Defendants be ordered to remove and/or deliver up for destruction all advertisements, packaging, labels, materials, and other articles bearing the FORESTCOIN mark, as well as any other marks that infringe Tender Software's FORESTCOIN trademark;

(iii) that pursuant to 15 U.S.C. § 1117(a), Tender Software recover Defendants' profits and such sums in addition thereto as the Court shall find just;

(iv) that pursuant to 15 U.S.C. § 1117(a), Tender Software recover the damages sustained in an amount to be proven at trial, and that such damages be trebled pursuant to 15 U.S.C. § 1117(b) because of the willful and unlawful acts as alleged herein;

(v) that pursuant to 15 U.S.C. § 1117(a), Tender Software recover the costs this action, including reasonable attorneys' fees and interest;

(vi) that pursuant to 15 U.S.C. § 1125(d), Defendants be required to pay statutory damages for violating the Anti-Cybersquatting protection Act;

(vii) that Defendants be required to transfer the forestcoin.com domain name;

(viii) that Tender Software be awarded such other relief as the Court may deem just and proper, including nominal damages.

Dated:  March 10, 2021                    TAYLOR ENGLISH DUMA LLP

                                          By:  */s/ William B. DeClercq*
                                               WILLIAM B. DECLERCQ
                                               AMANDA G. HYLAND (*pro hac vice*
                                               application forthcoming)

                                          *Attorneys for Plaintiffs*

12