JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    2:21-cv-02169-JVS-MRWx                    Date    Sept. 15, 2021

Title    Tender Software Pty Ltd. et al v. ForestCoin, Inc. et al

---

Present: The Honorable    **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:    [IN CHAMBERS] Order Regarding Motion for Default Judgment**

Plaintiffs Tender Software Pty Ltd. ("Tender Software"), ForestCoin PTE, LTD, and ForestCoin, LTD (collectively, "Plaintiffs") moved for default judgment against Defendants ForestCoin, Inc., and Christopher Charles Sanders.

The Court posted its Tentative Order to its website and invited both parties to request a hearing.  Neither party did so.  For the following reasons, the Court **GRANTS** in part and **DENIES** in part the motion, without prejudice.

## I. BACKGROUND

The following background is drawn from Plaintiffs' complaint, Dkt. No. 1.

Plaintiffs' have developed a "form of cryptocurrency under the trademark "FORESTCOIN" which is designed to help reforest the Earth.  Individuals can earn ForestCoin currency by planting trees, and providing proof of the new plantings to Tender Software."  Compl. ¶ 9.

Plaintiffs own a trademark for use of the ForestCoin mark in connection with financial services.  Id. ¶ 13 (U.S. Reg. No. 5846266).  Plaintiffs filed their application on December 22, 2017.  Id.  Defendants filed a trademark application for the same mark, which was denied by the United States Patent and Trademark Office ("USPTO") on the basis of Tender Software's prior pending application.  Id. ¶ 15.  Via the Wayback Machine, an archive of Defendant's website, Plaintiffs allege that the website was inactive from August 23, 2018 through June 3, 2019.  Id. ¶ 18.

---

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   2:21-cv-02169-JVS-MRWx                          Date   Sept. 15, 2021

Title        Tender Software Pty Ltd. et al v. ForestCoin, Inc. et al

Nonetheless, on May 1, 2019, Defendants announced on Facebook that their ForestCoin cryptocurrency service was live, and then began operating a website at forestcoin.com and offering a "Crypto Currency that is dedicated to raising funds to purchase and preserve Forests Worldwide." Id. ¶ 20.  The website is still active.  Id. ¶ 20-21.  The website "was inactive, at a minimum, from August 23, 2018, through June 3, 2019." Id. ¶ 18.

Plaintiffs then attempted to resolve the dispute with Defendants, but they were unable to do so.  Id. ¶¶ 23-28.   Specifically, "Defendant Sanders was hostile to any suggestion that his use of the mark constituted trademark infringement, and refused to take any action."  Id. ¶ 26.

## II. LEGAL STANDARD

Before a court can enter a default judgment against a defendant, a plaintiff must satisfy the procedural and substantive requirements for default judgment.

### A.      Procedural Requirements

For a default judgment, a plaintiff must satisfy the procedural requirements of the Federal Rules of Civil Procedure.  Under Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Under Federal Rule of Civil Procedure 55(b)(2), "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." Fed. R. Civ. P. 55(b)(2).

In addition, a party seeking a default judgment must satisfy the requirements of Local Rule 55-1. To satisfy Local Rule 55-1, a plaintiff needs to submit a declaration establishing (1) when and against who the clerk entered a default, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent "and if so, whether that person is represented by a guardian, committee, conservator or other representative", (4) whether the Servicemembers Civil Relief Act applies; and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2). L.R. 55-1.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:21-cv-02169-JVS-MRWx                  Date  Sept. 15, 2021

Title  Tender Software Pty Ltd. et al v. ForestCoin, Inc. et al

## B.      Substantive Requirements

The Ninth Circuit has identified seven factors (together, the "Eitel factors") that a court considers when determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at issue; (5) the possibility of a dispute regarding material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover. See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing PepsiCo Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002)).

On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages. See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir. 1992).

### III.  DISCUSSION

## A.      Procedural Requirements

The Court agrees with Plaintiffs that they have satisfied the procedural requirements for an entry of default.  First, as Plaintiffs note, the Clerk has entered an entry of default against the Defendants.  See Dkt. No. 24 at 4.  Second, while not filed in conjunction with the instant motion, Plaintiffs submitted a declaration in compliance with Local Rule 55-1.  See Dkt. No. 21 ¶¶ 14-16.  Therefore, the Court finds that Plaintiffs have satisfied the procedural requirements as set forth in the Local Rules and the Federal Rules of Civil Procedure.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   2:21-cv-02169-JVS-MRWx                    Date   Sept. 15, 2021

Title   Tender Software Pty Ltd. et al v. ForestCoin, Inc. et al


**B.      Substantive Requirements**

*i.       Possibility of Prejudice to Plaintiffs*

Under the first <u>Eitel</u> factor, a court examines whether a plaintiff will experience prejudice if he does not receive a default judgement. <u>Eitel</u>, 782 F.2d at 1472.  If, absent a default, a plaintiff has no remedy, then he will suffer prejudice. <u>PepsiCo, Inc. v. Cal. Sec. Cans</u>, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).  Plaintiffs argue that they are likely to suffer prejudice absent default judgment given that they will have no other recourse to stop Defendants' infringing activities and because Defendants have failed to respond or appear in this case.  The Court agrees.  <u>See</u> <u>PepsiCo</u>, 238 F. Supp. 2d at 1175.  Absent an entry of default judgment, Plaintiffs will be unable to protect their trademark rights.

*ii.      Merits of the Substantive Claim and Sufficiency of the Complaint*

The second and third <u>Eitel</u> factors require that a plaintiff states a claim sufficient to recover. <u>PepsiCo</u>, 238 F. Supp 2d at 1175.

(A)     Trademark Infringement, Unfair Competition, and False Designation under the Lanham Act (15 U.S.C. §§ 1114(1), 1125(a), 1125(d) and California's common law)

To establish infringement of a trademark under the Lanham Act, a plaintiff must prove "(1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion." <u>ERBE Elektromedizin GmbH v. Canady Tech</u>. LLC, 629 F.3d 1278, 1287 (Fed. Cir. 2010) (quoting <u>A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.</u>, 237 F.3d 198, 210 (3d Cir. 2000)); <u>Network Automation, Inc. v. Advanced Sys. Concepts</u>, 638 F.3d 1137, 1144 (9th Cir. 2011).[1]

---

[1]The Court treats these causes of action similarly.   The Ninth Circuit has found that the common law claims of unfair competition and actions under § 17200 are "substantially congruent" to claims made under the Lanham Act.  <u>See</u> <u>Academy of Motion Picture Arts & Sciences v. Creative House</u>

JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.     2:21-cv-02169-JVS-MRWx                          Date    Sept. 15, 2021

Title        Tender Software Pty Ltd. et al v. ForestCoin, Inc. et al

Federal registration of a trademark "provides 'prima facie evidence' of the mark's validity and entitles the plaintiff to a 'strong presumption' that the mark is a protectable mark." Zobmondo Entm't, LLC v. Falls Media, LLC, 602 F.3d 1108, 1113–14 (9th Cir. 2010) (quoting 15 U.S.C. §§ 1057, 1115(a)). Here, Plaintiffs alleged it owns valid, registered marks, and provides the registration number for those marks in its complaint. Compl. ¶ 13. Thus, Plaintiffs meets the first and second prongs.

"The 'likelihood of confusion' inquiry generally considers whether a reasonably prudent consumer in the marketplace is likely to be confused as to the origin or source of the goods or services bearing one of the marks or names at issue in the case." Rearden LLC v. Rearden Commerce, Inc., 683 F.3d 1190, 1209 (9th Cir. 2012). The eight factors guide the inquiry: (1) strength of the mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) type of goods and the degree of care likely to be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8) likelihood of expansion of the product lines. Rearden, 683 F.3d at 1209 (citing citing AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348–49 (9th Cir. 1979), abrogated in part on other grounds, Mattel, Inc. v. Walking Mountain Prod., 353 F.3d 792 (9th Cir. 2003).

Plaintiffs argue that Defendants' use of their marks is likely to cause confusion for the following reasons. First, their mark is distinctive and highly suggestive, which means that the Court should grant it more protection. Dkt. No. 24-1 at 8 (citing Riggs Marketing Inc. v. Mitchell, 993 F. Supp. 1301, 1305 (D. Nev. 1997)). Second, Plaintiffs and Defendants operate in the same industry, with identical services, and with overlapping marketing channels. Id. Third, the marks are identical, which increases the likelihood of confusion. Id. Fourth, Defendants were aware of their infringing activities at the time they filed their trademark application and despite being denied a trademark by the USPTO, proceeded to infringe on Plaintiffs' mark. Id. at 9-10.

The Court agrees. Considering the eight factors that guide the Court's inquiry, the

---

Promotions, Inc., 944 F.2d 1446, 1457 (9th Cir. 1991). Further, a claim for false designation of origin under 15 U.S.C. § 1125 requires proof of the same elements as a claim for trademark infringement under 15 U.S.C. § 1114. Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp., 174 F.3d 1036, 1046 n. 6 (9th Cir. 1999)

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02169-JVS-MRWx | Date | Sept. 15, 2021 |
|---|---|---|---|

| Title | Tender Software Pty Ltd. et al v. ForestCoin, Inc. et al |
|---|---|

Court finds that Defendants' use of the mark is likely to cause confusion. The mark involved is distinctive, i.e., a specific type of cryptocurrency with a niche purpose. Underscoring that notion, both Plaintiffs and Defendants operate in the exact same market, offering the same product, for the exact same purpose. While Plaintiffs have not proffered evidence of actual confusion, given the strength and similarity of the markets, the marketing channels used, and the type of goods, the Court finds that Defendants' use of the mark is likely to cause confusion.

As such, both through the complaint and Plaintiffs' motion for default judgment, the Court concludes that Plaintiffs state a claim sufficient to recover on these causes of action.

(B)    Cyberpiracy (15 U.S.C. § 1125(d))

To prevail on his cyberpiracy claim under 15 U.S.C. § 1125(d), Plaintiff must prove that: "(1) the defendant registered, trafficked in, or used a domain name; (2) the domain name is identical or confusingly similar to a protected mark owned by the plaintiff; and (3) the defendant acts with 'bad faith intent to profit from that mark.'" DSPT Int'l, Inc. v. Nahum, 624 F.3d 1213, 1218-19 (9th Cir. 2010) (quoting 15 U.S.C. § 1125(d)(1)(A) ). Section 1125(d)(1)(B)(I) lists various factors a court may consider in determining whether a person has a bad faith intent.

Plaintiffs argue Defendants violated § 1125(d) because they operated a domain name, forestcoin.com, that was identical or confusingly similar to their own mark. Dkt. No. 24 at 11 (citing Compl. ¶¶ 16-20, 33-36). Further, Plaintiffs argue Defendants acted in bad faith because Plaintiffs, not Defendants, own the ForestCoin Mark, Defendants were not using the forestcoin.com domain for the year preceding the launch of the domain to sell their cryptocurrency, and were making use of the Mark and domain to sell identical services as Plaintiffs in an attempt to divert Plaintiffs' business. Id. at 11-12 (citing Compl. ¶¶ 16, 33-34, 48).

The Court agrees. First, the Complaint establishes that Defendants registered a domain name. Compl. ¶ 20. Second, the domain name is identical to the Mark. Id. ¶¶ 12-13, 18. Third, the Court agrees with Plaintiffs that Defendants acted with bad faith intent to profit from that mark, as is evidenced by considering a number of the factors set

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   2:21-cv-02169-JVS-MRWx                    Date   Sept. 15, 2021

Title        Tender Software Pty Ltd. et al v. ForestCoin, Inc. et al

forth in 15 U.S.C. §§ 1125(d)(1)(B)(i)(I)-(IX).   For example, Plaintiffs, not Defendants, own the ForestCoin Mark.  Id. § 1125(d)(1)(B)(i)(I).  Further, the Court notes that Defendants' use of the same Mark is likely driven by an intent to "divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark."  Id. § 1125(d)(1)(B)(i)(V).

As such, both through the complaint and Plaintiffs' motion for default judgment, the Court concludes that Plaintiffs state a claim sufficient to recover on these causes of action.

   iii.   *Sum of Money at Stake*

The fourth Eitel factor examines whether a sum of money at stake is proportionate to the plaintiff's harm.  Landstar Ranger, Inc. v. Parth Enters., Inc., 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).  Plaintiffs argue that the amount of damages requested is proportionate to the harm, especially given the willful and intentional infringement of their marks despite by Defendants despite Plaintiffs' attempts to resolve this issue out of the courts.  Dkt. No. 24-1 at 12-13.  For the Lanham Act violations, Plaintiffs request statutory damages in the amount of $700,000 is appropriate, based off of the number of times Defendants infringed on their mark.  Id. at 18.  For violating the anti-cybersquatting protection act, Plaintiffs request damages in the amount of $100,000.  Id. at 19-20.  Plaintiffs also request attorneys' fees and costs.  Id. at 20.

Subject to the Court's discussion below concerning attorneys' fees, the Court agrees that the sum of money at stake is proportionate to Plaintiffs' harm here.

Therefore, this factor favors granting Plaintiffs' motion.

   iv.   *Possibility of Disputed Material Facts*

The fifth Eitel factor examines whether there is a likelihood of a dispute of material facts. Eitel, 782 F.2d at 1471-72. Plaintiffs argue there is little possibility of a dispute of material facts given that Defendants failed to answer the complaint, so all allegations of the complaint except those pertaining to damages are taken as true.  Dkt. No. 24-1 at 13 (citing Geddes, 559 F.2d at 560)).  The Court agrees.  Plaintiffs accurately argue that

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:21-cv-02169-JVS-MRWx                    Date  Sept. 15, 2021

Title  Tender Software Pty Ltd. et al v. ForestCoin, Inc. et al

upon entry of default, all facts pleaded in the complaint are taken as true, except those relating to damages. See Pope v. United States, 323 U.S. 1, 12 (1944).

Therefore, this factor favors granting Plaintiffs' motion.

v.      *Possibility of Excusable Neglect*

The sixth factor considers whether a defendant's inaction is due to excusable neglect. Eitel, 782 F.2d at 1472.  Plaintiffs argue there is no evidence of excusable neglect in the record given that Plaintiffs properly served Defendants with all necessary court documents and Defendants failed to appear.  Dkt. No. 24-1 at 13 (citing Dkt. No. 22).  Excusable neglect is unlikely when a defendant is properly served and therefore, aware of a plaintiff's pending action in court.  See Wecosign, Inc., v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012).  Given that Defendants did not appear in the proceedings but, as alleged in the complaint, were aware of the dispute, the Court finds the possibility of excusable neglect to be low.

Therefore, this factor favors granting Plaintiffs' motion.

vi.     Policy for Deciding Cases on the Merits

There is a strong policy for deciding case on the merits "whenever reasonably possible."  Eitel, 782 F.2d at 1472.  Plaintiffs argue that Defendants' failure to defend this action renders a decision on the merits impossible, and as such, this factor too favors granting their motion.  Dkt. No. 24-1 at 13 (citing Elektra Entm't Group Inc., v. Crawford, 226 F.R.D. 388, 392-93 (C.D. Cal. 2005)).  The Court agrees.  A defendant's failure to appear or respond to a decision makes a decision on the merits "impossible." Wecosign, 845 F. Supp. 2d at 1083.

Therefore, this factor favors granting Plaintiffs' motion.

**C.     Relief Sought**

i.      *Permanent Injunctive Relief*

---

JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02169-JVS-MRWx | Date | Sept. 15, 2021 |
| Title | Tender Software Pty Ltd. et al v. ForestCoin, Inc. et al | | |

The Lanham Act gives courts the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under [the Lanham Act]." 15 U.S.C. § 1116(a).  A plaintiff seeking a permanent injunction must demonstrate: (1) that it has suffered irreparable injury; (2) that there is no adequate remedy at law; (3) that the balance of hardships favors an injunction; and (4) that it is in the public's interest to issue the injunction.  eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 392–93(2006).

Plaintiffs argue they are entitled to permanent injunctive relief on the following grounds.  Absent such an injunction, they argue they will lose control over their reputation and goodwill of its trademark.  Dkt. No. 24 at 15.  Further, the requested injunction will only prevent Defendants from engaging in unlawful behavior.  Id.  Finally, a permanent injunction will limit public confusion.  Id.  Plaintiffs accordingly request the following permanent injunction:

An injunction ordering Defendants, and their officers, directors, members, agents, servants, employees, and attorneys, and all other persons acting in concert or participating with them (the "Enjoined Parties"), who receive actual notice of the injunction order by personal or other service, to:

i.     cease all use and never use the FORESTCOIN mark, or any other names or marks likely to cause confusion with the Plaintiffs' Marks, in connection with financial services, cryptocurrency, or any other related good or service, and including any such use on social media;

ii.    remove and/or deliver up for destruction all advertisements, packaging, labels, materials, and other articles bearing the FORESTCOIN mark, as well as any other marks that infringe Plaintiffs' FORESTCOIN trademark; and

iii.   transfer to Plaintiffs, all possession, custody, or control of the forestcoin.com domain name, or any other confusingly similar domain name.

Id. at 15-16.

JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02169-JVS-MRWx | Date | Sept. 15, 2021 |

| | |
|---|---|
| Title | Tender Software Pty Ltd. et al v. ForestCoin, Inc. et al |

The Court agrees with Plaintiffs.

First, while Ninth Circuit law has previously held that a plaintiff is not entitled to a rebuttable presumption of irreparable harm after showing a likelihood of success on the merits, see Flexible Lifeline Sys., Inc. v. Precision Lift, Inc., 654 F.3d 989, 998 (9th Cir. 2011), that is no longer the case. See 15 U.S.C. § 1116(a) (plaintiff seeking a preliminary injunction to enjoin trademark infringement "shall be entitled to a rebuttable presumption of irreparable harm upon a finding of . . . likelihood of success on the merits."). Injunctive relief is also available in a default judgment setting. See e.g., Philip Morris USA, Inc, 219 F.R.D. 494; see also Intel Corp. v. Intelsys Software, LLC, No. C 08-03578 JW, 2009 WL 347239, at *3 (N.D. Cal. Feb. 6, 2009).

Second, the Court agrees with Plaintiffs that they satisfy the requisite elements for a permanent injunction. As the Court found above, the allegations are sufficient to establish liability for the purposes of a default judgment, and regardless, Defendants concede the factual basis of those allegations by failing to oppose them. Thus, the Court finds that Plaintiffs demonstrated a likelihood of success on the merits (and therefore, irreparable harm as well). While Plaintiffs seek monetary remedies, it is also likely that they many never recover those damages. Additionally, at minimum, Plaintiffs are entitled to this type of relief as well, especially given the likelihood of repeated infringement. See Levi Strauss & Co. v. Shilon, 121 F.3d 1309, 1314 (9th Cir. 1997); see also Pepsico Inc., 238 F. Supp. 2d at 1177–78.

Therefore, the Court **GRANTS** Plaintiffs' motion for permanent injunctive relief.

ii.     *Statutory Damages (Lanham Act)*

Under 15 U.S.C. § 1117(a), a "plaintiff shall be entitled . . . to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." "[A] plaintiff may recover statutory damages 'whether or not there is adequate evidence of the actual damages suffered by the plaintiff or of the profits reaped by defendant.'" Peer International Corp. v. Pausa Records. Inc., 909 F.2d 1332, 1336-37 (9th Cir. 1990) (citing Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984)). Furthermore, courts have accepted less precise estimates of damages where a defendant frustrates the discovery of a precise amount by defaulting in the action. See

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02169-JVS-MRWx | Date | Sept. 15, 2021 |

| | |
|---|---|
| Title | Tender Software Pty Ltd. et al v. ForestCoin, Inc. et al |

<u>Taylor</u> <u>Made</u> <u>Golf</u> Co. <u>v.</u> <u>Carsten</u> <u>Sports,</u> <u>Ltd.</u>, 175 F.R.D. 658, 662 (S.D. Cal. 1997).


Plaintiffs request statutory damages in the amount of $700,000, calculated by taking $100,000 for each of the five social media uses, and $200,000 for use of Defendants' website.  Dkt. No. 24 at 18.  Plaintiffs argue this measure is appropriate given they otherwise have no means of know the total amount of actual damages.  Id. at 17.  Specifically, they "have no means of knowing how many counterfeit FORESTCOIN tokens may have been issued, or in what ways Defendants have advertised their counterfeit "FORESTCOIN" cryptocurrency service beyond the internet."  Id. at 17-18.

Willfulness can be inferred from a defendant's failure to defend.  <u>Philip</u> <u>Morris</u> <u>USA,</u> <u>Inc.</u>, 219 F.R.D. at 500.  Taking all of the factual allegations in the complaint as true, Plaintiffs have established that Defendants' use of their Mark, ForestCoin, was willfull.  Compl. ¶¶ 22-28.  <u>See</u> <u>Rio</u> <u>Properties,</u> <u>Inc.</u> <u>v.</u> <u>Rio</u> <u>Int'l</u> <u>Interlink</u>, 284 F.3d 1007, 1022–23 (9th Cir. 2002) (upholding district court's award of attorneys' fees and costs in entry of default judgment on trademark infringement claim based on finding of willfulness as alleged in the complaint).

Further, the Court agrees with Plaintiffs that the amount of damages is reasonable.  In the event of willful infringements of a copyright or trademark, the Lanham Act provides for damages in the amount of  "$2,000,000 per counterfeit mark per type of goods or services sold."  15 U.S.C.. § 1117(c).  The amount requested by Plaintiffs is less than half than that.  Indeed, it is also less than the total amount they could request if the infringement were not willful.  Id. ($1,000 or more than $200,000 per counterfeit mark per type of goods or services sold).

Therefore, the Court **GRANTS** Plaintiff's request for $700,000 in damages for Defendants' violations of the Lanham Act.

    iii.    *Statutory Damages (Cyberpiracy)*

The Lanham Act provides for statutory damages for cyberpiracy violations under

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    2:21-cv-02169-JVS-MRWx                          Date    Sept. 15, 2021

Title       Tender Software Pty Ltd. et al v. ForestCoin, Inc. et al

15 U.S.C. § 1125(d)(1) in an amount of $1,000 to $100,000 per domain name. 15 U.S.C. § 1117(d). A prevailing plaintiff may recover statutory damages under this provision in addition to actual damages for infringement of its trademark. See St. Luke's Cataract and Laser Inst., P.A. v. Sanderson, 573 F.3d 1186, 1206 (11th Cir.2009). To determine a reasonable amount of statutory damages, "courts generally consider a number of factors . . . , including the egregiousness or willfulness of the defendant's cybersquatting, the defendant's use of false contact information to conceal its infringing activities, the defendant's status as a 'serial' cybersquatter . . . and other behavior by the defendant evidencing an attitude of contempt towards the court of the proceedings." Verizon California, Inc. v. Onlinenic, Inc., No. C 08–2832 JF (RS), 2009 WL 2706393, at *3 (N.D. Cal. Aug. 25, 2009).

Plaintiffs request $100,000 in damages for Defendants' violation of the Anti-Cybersquatting Protection Act. Dkt. No. 24 at 19-20. Plaintiffs argue that the maximum amount of damages under the Act is appropriate given that Defendants began their infringing activities even after receiving notice from the USPTO that the trademark had already been registered. Id. at 20. Defendants continued that infringing activity despite requests from Plaintiffs to cease their infringing behavior, as well. Id.

While the Court noted above that the infringing activity appeared willful, especially given Defendants' rejection of Plaintiffs' numerous entreaties, the Court finds that other factors counsel in favor of awarding the maximum amount of damages as well. First, the Court notes that despite notice from the USPTO of Plaintiffs' registration, Defendants infringed on Plaintiffs' Mark. Second, Defendants' failure to appear before the Court evinces an attitude of contempt towards the proceedings. Third, the Court notes that district courts routinely grant the maximum amount of damages in such instances.[2]

---

[2]See, e.g., Medline Industries, Inc. v. Medline Products Co., Case No. 03 C 7255, 2004 WL 1921020 at *1 (N.D. Ill. July 8, 2004) (stating that the Court approved Plaintiff's request for $100,000 in statutory damages against defaulting defendant); Graduate Mgmt. Admission Council v. Raju, 267 F. Supp. 2d 505, 512-13 (E.D. Va. 2003) (awarding statutory damages in the amount of $100,000 per domain name for a total of $200,000 against defaulting defendant); Mirage Resorts, Inc. v. Cybercom Prods., 228 F. Supp. 2d 1141, 1142-43 (D. Nev. 2002) (awarding statutory damages in the amount of $100,000 against defaulting defendant); Elecs. Boutique Holdings Corp. v. Zuccarini, Case No. Civ. A. 00–4055.2d, 2000 WL 1622760 at * *1, 8 (E.D. Pa. Oct. 30, 2000) (awarding statutory damages in the

JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   2:21-cv-02169-JVS-MRWx                     Date   Sept. 15, 2021

Title   Tender Software Pty Ltd. et al v. ForestCoin, Inc. et al

Therefore, the Court **GRANTS** Plaintiff's request for $100,000 in damages for violating the Anti-Cybersquatting Protection Act.

*iv.*   *Attorneys' Fees*

An award of reasonable attorneys' fees and costs is expressly provided for in 'exceptional cases' of trademark infringement." Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008) (citing 15 U.S.C. § 1117(a)). "While the term 'exceptional' is not defined in the statute, attorneys' fees are available in infringement cases where the acts of infringement can be characterized as malicious, fraudulent, deliberate, or willful." Id. (citation and internal quotation marks omitted).  In the context of a default judgment, the Ninth Circuit has upheld awards of attorneys' fees "solely because, by entry of default judgment, the district court determined, as alleged in [plaintiff's] complaint, that [defendant's] acts were committed knowingly, maliciously, and oppressively, and with an intent to . . . injure [plaintiff]." Id. (citation and internal quotation marks omitted).

Plaintiffs request reasonable attorney fees.  Dkt. No. 24 at 21.  However, they do not provide what those fees are, nor do they provide any basis to calculate those attorneys' fees.  Plaintiffs request for attorneys' fees is therefore **DENIED**, without prejudice.  Plaintiffs may file additional material with the Court concerning the adequacy of any attorneys' fees requested and must file any such briefing within thirty (30) days of this order.

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part the motion, without prejudice.

**IT IS SO ORDERED.**

---

amount of $100,000 per domain name for a total of $500,000 against defendant who had actual notice of the case but failed to appear).

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   2:21-cv-02169-JVS-MRWx                                    Date   Sept. 15, 2021

Title      Tender Software Pty Ltd. et al v. ForestCoin, Inc. et al

|                      | :      | 0 |
| -------------------- | ------ | - |
| Initials of Preparer | lmb    |   |